**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON L. BLACKBURN,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC RETRIEVAL, LLC,<br><br>Defendant. | Case No. 2:20-cv-03874<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Cameron L. Blackburn ("Plaintiff"), by and through his attorneys, Wajda Law Group, APC ("Wajda"), complaining of Pacific Retrieval, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5. Defendant is a debt collection agency organized under the laws of the state of California with its principal place of business located 1500 W. El Camino Avenue, Suite 228, Sacramento, California 95833. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In 2019, Plaintiff's parked car was hit and totaled by a drunk driver.

7. Due to the car being totaled, Plaintiff was unable to move his car off of the street and received several tickets, eventually causing the car to be towed by Royal Coaches Auto Body & Towing ("Royal").

8. Royal informed Plaintiff that he would be charged a fee of $300 to retrieve the vehicle.

9. Since the vehicle was totaled, rather than pay the fee, Plaintiff relinquished the vehicle to Royal, turned over his keys, and provided Royal with the vehicle title.

10. On April 13, 2020, Plaintiff's brother received an unknown phone call from Defendant.

11. Plaintiff's brother did not answer the phone call from Defendant, so Defendant left a voicemail.

12. The voicemail stated that Plaintiff owed a debt on the vehicle he had relinquished to Royal ("subject debt"), that a "claim" had been filed, and that this was a "pretty serious matter," and left a callback number for Defendant's representative.

13. Plaintiff's grandmother also received a phone call from Defendant on April 13, 2020.

14. Plaintiff's grandmother spoke to a representative for Defendant, who stated that Plaintiff owed the subject debt, provided the amount of the subject debt, and demanded payment.

15. Plaintiff's grandmother and brother immediately informed him of the phone call and voicemail they had received.

16. Plaintiff called Defendant and tried to explain that he did not owe the debt since he had relinquished the vehicle to Royal.

17. Defendant's representative refused to listen to Plaintiff and threatened to send out attorneys in Sacramento to proceed with litigation if the subject debt was not resolved in 24 hours.

18. On April 14, 2020, Plaintiff's father also received a phone call from Defendant regarding Plaintiff and the subject debt.

19. Defendant intentionally harassed and abused Plaintiff by contacting third parties and disclosing personal and confidential information that he owed a debt in an attempt to coerce him into paying the subject debt.

20. Moreover, Plaintiff did not owe the subject debt as he completely relinquished the vehicle to Royal. Defendant knew or should have known that the subject debt was uncollectible as a matter of law.

21. Defendant mainly used the phone number (916) 36-0480 to call Plaintiff's family members, but upon information and belief, it may have used multiple other phone numbers to contact Plaintiff and third parties.

22. Furthermore, at no time did Defendant send Plaintiff any correspondence notifying him of his rights pursuant to 15 U.S.C §1692g.

### DAMAGES

23. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

25. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail

and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

31. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(b), d, e, e(4), e(5), e(10), f, and g through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692c**

35. Defendant violated §1692c(b) when it called Plaintiff's brother, grandmother, and father and disclosed that Plaintiff owed a debt that Defendant was attempting to collect upon.

36. Defendant further violated §1692c(b) by stating the exact amount of the subject debt to Plaintiff's grandmother.

37. Defendant's communications with third parties were made to cause shame and embarrassment for Plaintiff in hopes that he would pay the subject debt in order to put a stop to the third party phone calls.

**b. Violations of the FDCPA § 1692d**

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling third parties and revealing Plaintiff owed a debt. Defendant's conduct in contacting third parties when it did not have permission from Plaintiff to do so underscores

Defendant's abusive, harassing, and oppressive conduct in collecting the subject debt.

    **c.   Violations of FDCPA § 1692e**

    39.    Defendant violated §1692e and e(10) by using false, deceptive, and misleading representations in connection to the collection of the alleged debt. Defendant falsely communicated to Plaintiff that if he did not make a payment on the subject debt within 24 hours, then Defendant would proceed with litigation against him. To this day, Defendant has not followed through on its empty threat.

    40.    Moreover, Plaintiff did not owe the subject debt as he completely relinquished the vehicle to Royal. Defendant knew or should have known that the subject debt was uncollectible as a matter of law.

    41.    Defendant violated §1692e(4) when it mislead Plaintiff into believing that if he did not pay the subject debt it 24 hours, Defendant would contact an attorney to proceed with litigation against him. At no time was it Defendant's intention to do so.

    42.    Furthermore, Defendant violated §1692e(5) when it threatened to take legal action against Plaintiff, when it had no intentions on taking such actions. Defendant's legal threats where merely used to deceive and scare Plaintiff into making an immediate payment on the alleged debt.

    **d.   Violations of FDCPA § 1692f**

    43.    Defendant violated §1692f by using unfair and unconscionable means to attempt to collect on the subject debt. Specifically, Defendant repeatedly contacted third parties and disclosed that Plaintiff owed a debt. Furthermore, Defendant threatened Plaintiff with legal action it never intended to take.

    **e.   Violations of FDCPA § 1692g**

    44.    Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably

calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through false and misleading conduct to consumers.

46. Upon information and belief, Defendant systematically deceives consumers in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

47. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

48. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, CAMERON L. BLACKBURN respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

51. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ.

Code § 1788.2(d) and (f).

52. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.12(j)

53. The RFDCPA, pursuant to Cal. Civ. Code § 1788.12(j), states that a debt collector may not make the "false representation that a legal proceeding…will be instituted unless payment of a consumer debt is made."

54. Defendant violated the RFDCPA when it threatened to send its attorneys to proceed with litigation against Plaintiff if he did not pay the subject debt within 24 hours. At no time has Defendant proceeded with any litigation against Plaintiff, thus proving that its threat to do so was a false representation.

**WHEREFORE**, Plaintiff, CAMERON L. BLACKBURN, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: April 28, 2020                                Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

8